IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| EDWARD C. HUGLER, : | | |
| ACTING SECRETARY OF LABOR, : | | |
| UNITED STATES DEPARTMENT OF LABOR, : | | |
| : | | |
| Plaintiff, : | | |
| : | | |
| v. : | Civil Action No. | 1:17cv251 (AJT/IDD) |
| : | | |
| HADEED CARPET CLEANING, INC., d/b/a : | | |
| HADEED CARPET CLEANING, : | | |
| HADEED-MERCER CARPET CLEANING, INC., : | | |
| d/b/a HADEED-MERCER RUG CLEANING, and : | | |
| JOSEPH HADEED, Individually and as Owner of : | | |
| HADEED CARPET CLEANING, INC. : | | |
| : | | |
| Defendants. : | | |

## COMPLAINT

Plaintiff, Edward C. Hugler, Acting Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Defendants from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.), hereinafter referred to as "the Act," and for a judgment against Defendants Hadeed Carpet Cleaning, Inc., d/b/a Hadeed Carpet Cleaning, Hadeed-Mercer Carpet Cleaning, Inc., d/b/a Hadeed-Mercer Rug Cleaning, and Joe Hadeed, individually and as owner of Hadeed Carpet Cleaning, Inc. and Hadeed-Mercer Carpet Cleaning, Inc. (collectively, "Defendants"), in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and for liquidated damages in an amount equal to the back wages found due to the employees.

I.

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and by 28 U.S.C. §§ 1331 and 1345.

II.

Defendant Hadeed Carpet Cleaning, Inc. ("Hadeed Carpet"), is and, at all times hereinafter referenced, was registered as a corporation in Virginia in June 13, 2007. Mr. Joe Hadeed is majority owner of the business. Hadeed Carpet has its principal office at 6628 Electronic Drive, Springfield, VA 22151, which is also the location for one of Hadeed Carpets' store fronts and is within the jurisdiction and venue of this Court.

III.

Defendant Hadeed-Mercer Carpet Cleaning, Inc. ("Hadeed-Mercer"), is and, at all times hereinafter referenced, was registered as a corporation in Virginia on January 4, 2012. Mr. Joe Hadeed is majority owner of the business. Hadeed-Mercer has its principal office at 6628 Electronic Drive, Springfield, VA 22151, which is also the location for one of Hadeed Carpets' store fronts and is within the jurisdiction and venue of this Court.

IV.

Defendant Joseph Hadeed is and, at all times hereinafter referenced, was the majority owner of Hadeed Carpet Cleaning, Inc., d/b/a Hadeed Carpet Cleaning and Hadeed-Mercer Carpet Cleaning, Inc., d/b/a Hadeed-Mercer Rug Cleaning and, based upon information and belief, resides at 8002 Hollington Place, Fairfax Station, VA 22039, which is within the jurisdiction of this Court. Defendant Joe Hadeed supervises and directs the work of the employees of Hadeed Carpet and Hadeed-Mercer and is involved in the hiring and firing of employees. Defendant Joe Hadeed has acted directly or indirectly in the interest of Hadeed

Carpet and Hadeed Mercer in relation to its employees at all times relevant herein, and meets the definition of an employer under Section 3(d) of the Act.

V.

Defendants carry out a common business purpose of providing residential and commercial carpet cleaning and repair services. The business activities of the Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

VI.

At all times relevant herein, Defendants have had employees engaged in commerce or in the production of goods for commerce, including ordering printer cartridges from Los Angeles, California and glue from Newark, New Jersey. Further at all times relevant herein, Defendants have had an annual gross volume sales made or business done of not less than $500,000, thereby affording coverage over all their employees pursuant to Section 3(s)(1)(A) of the Act. Specifically, the annual dollar value over the past three years for the business has exceeded $1 million dollars.

VII.

From May of 2014 through the present, Defendants employed the individuals listed in the attached Schedule A in such positions as "Carpet Cleaners", "Showroom Managers", "Warehouse Staff", "Carpet Repairers" "Receptionists", "Salesperson", "Drivers", and/or "Delivery Helpers" (collectively, the "employees"). The employees were assigned by Defendants to perform various functions, including carpet and rug repair and restoration, air duct cleaning, transportation services, delivery services, customer service, receptionists, sales and

work in Defendants' showrooms and warehouse during the time period covered by this Complaint.

VIII.

In 2016, the United States Department of Labor, through its Wage and Hour Division, conducted an investigation of the Defendants. Through its investigation, the Wage and Hour Division found that, since May of 2014, Defendants repeatedly and/or willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing certain employees engaged in commerce or in the production of good for commerce, for workweeks longer than 40 hours per week without compensating said employees in such workweeks at rates not less than one and one-half times their regular rate. The employees affected by the overtime violations asserted in this paragraph are certain present and former employees and are listed in Schedule A to this Complaint.

IX.

Prior to May of 2014, Defendants were aware of and understood that they were required to pay employees at a rate of not less than one and one-half times their regular rate for hours worked over 40 in a workweek. For example, prior to May of 2014, Defendants paid employees overtime at a rate of time and half their regular rate. In May of 2014, Defendant Joe Hadeed issued a memo to employees of Hadeed Carpet that stated, in part, "All hours worked in excess of 40 hours each week will be paid at straight pay…" Employees of Hadeed Carpet routinely worked in excess of 40 hours in a workweek and Defendants, in accordance with the new policy, failed to pay employees the applicable rate for overtime hours for all hours worked in excess of 40 in a workweek, in violation of Section 7 of the Act. During this time, Defendants continued to pay certain employees time and a half the regular rate for hours worked in excess of 40 hours in a workweek. Also, since May of 2014 and times prior, Defendants Hadeed Carpet and

4

Hadeed Mercer failed to include non-discretionary pay into the employee's regular rate for the purpose of calculating overtime, in violation of Section 7 of the Act. Finally, immediately following the initial conference with the Wage and Hour Investigator, Defendant Hadeed Carpet began manipulating employees' hourly rates to make the payroll records look as if Defendants paid employees time and a half the regular rate for hours worked over 40 hours in a workweek, in violation of Section 7 of the Act.

X.

Defendant Hadeed Carpet also has violated the provisions of Sections 11(c) and 15(a)(5) of the Act by failing to make, keep, and preserve all records prescribed by the regulations issued and found at 29 C.F.R. Part 516. For example, Defendants have claimed certain Hadeed Carpet employees are exempt under 29 U.S.C. § 207(i), but have failed to keep all records required by 29 CFR § 516.16 needed to establish the exemption.

XI.

Since May of 2014, Defendants have violated the provisions of the Act as alleged in Paragraphs VIII, IX and X. A judgment permanently enjoining and restraining the violations herein alleged (including withholding of overtime compensation) is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

XII.

As a result of the violations alleged in Paragraphs VIII, IX and X, Plaintiff determined amounts were owed for hours worked that were paid at rates less than the rates set forth in Section 7 of the Act for the employees named in Schedule A attached to Plaintiff's Complaint. Defendants have provided documentation to Plaintiff showing back wage payments made to the individuals included in the Schedule A. Plaintiff will reduce his demand accordingly upon verification of these payments. The amount of back wages owed to certain Schedule A

individuals remains in dispute as well as liquidated damages. Additional amounts may be due to other employees employed by the Defendants whose identities are not now known to the Plaintiff.

XIII.

A judgment granting recovery of said amounts referred to in Paragraph XII, together with liquidated damages in an amount equal to the back wages owed as a result of the overtime violations found by Plaintiff's investigation as authorized by Section 16(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against the Defendants as follows:

1. For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, as well as Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act.

2. For an Order pursuant to Section 16(c) of the Act finding Defendants jointly and severally liable for unpaid overtime compensation due Defendants' employees and for liquidated damages equal in amount to the compensation found due, as a result of Plaintiff's investigation, to Defendants' employees listed in the attached Schedule A from May of 2014 through the date of the final judgment in this matter. Additional overtime compensation and/or liquidated damages may be owed, for the period covered by this Complaint, to certain present and former employees, whose identities are not now known to Plaintiff, who were or are employed by Defendants.

3. An Order pursuant to Section 17 of the Act enjoining and restraining Defendants and Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from withholding payment of back wages found due Defendants'

employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

    4.    Plaintiff further prays for the award of post-judgment interest as authorized by 28 U.S.C. § 1961, and prays that he recover the costs of this action.

    5.    For an Order granting such other and further relief as may be necessary and appropriate.

Mailing Address:

Douglas N. White
Associate Regional Solicitor
U.S. Department of Labor
201 12th Street South
Arlington, VA 22202-5450
(202) 693-9393

Respectfully submitted,

Nicholas C. Geale
Acting Solicitor of Labor

Oscar L. Hamilton III
Regional Solicitor

Douglas N. White
Associate Regional Solicitor

Samantha N. Thomas
Regional Counsel

/s/ Ali A. Beydoun
Ali A. Beydoun, Esq. (VA Bar No. 78150)
U.S. Department of Labor
Office of the Solicitor
201 12th Street South, Suite 401
Arlington, VA 22202-5450
Telephone No. (202) 693-9393
Facsimile No. (202) 693-9392
Beydoun.ali@dol.gov

Attorneys for Plaintiff


U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff

Date: March 3, 2017