IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

R. ALEXANDER ACOSTA,                                          :
ACTING SECRETARY OF LABOR,                                    :
UNITED STATES DEPARTMENT OF LABOR,                            :
                                                              :
            Plaintiff,                                        :
                                                              :
      v.                                                      :Civil Action No. 1:17-cv-251 (AJT/IDD)
                                                              :
HADEED CARPET CLEANING, INC., d/b/a                           :
HADEED CARPET CLEANING,                                       :
HADEED-MERCER CARPET CLEANING., INC.,                         :
d/b/a HADEED-MERCER RUG CLEANING., and                        :
JOSEPH HADEED, Individually and as Owner of                   :
HADEED CARPET CLEANING, INC.                                  :
                                                              :
            Defendants.                                       :

**CONSENT JUDGMENT**

Plaintiff, **R. ALEXANDER ACOSTA** Secretary of Labor, United States Department of

Labor, hereinafter referred to as "Plaintiff" or "the Secretary," has filed his Complaint alleging

violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "the

Act"). Defendants named above, hereinafter referred as "Defendants" or "Employers," have

appeared by counsel and filed their Answer and hereby waive any defense they may have and

consent to the entry of this judgment without contest. It is, therefore, upon motion of the

attorneys for Plaintiff and for cause shown:

ORDERED, ADJUDGED, AND DECREED that Defendants, their officers, agents,

servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby

are, permanently enjoined and restrained from violating the provisions of Sections 7, 11(c),

15(a)(2), and 15(a)(5) of the Act, in any manner, specifically:

1.      Defendants shall not, contrary to Section 7 of the Act, employ any of their

employees including, but not limited to, any of their employees working at HADEED CARPET

01025846-1

CLEANING, INC., d/b/a HADEED CARPET CLEANING, HADEED-MERCER CARPET

CLEANING., INC., d/b/a HADEED-MERCER RUG CLEANING, or at any business location

owned, operated, and/or controlled by Defendants, and at any other business location at which

their employees perform work, in any workweek when they are engaged in commerce or

employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks

longer than the hours now, or which in the future become, applicable under Sections 7 and

15(a)(2) of the Act, unless the said employees receive compensation for their employment in

excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates

applicable to them.

2.      Defendants shall not fail to make, keep, and preserve adequate records of their

employees and of the wages, hours, and other conditions and practices of employment

maintained by them including, but not limited to, any of their employees working at HADEED

CARPET CLEANING, INC., d/b/a HADEED CARPET CLEANING, HADEED-MERCER CARPET

CLEANING., INC., d/b/a HADEED-MERCER RUG CLEANING, or at any business location

owned, operated, and/or controlled by Defendants, and at any other business location at which

their employees perform work, as prescribed by the Regulations issued pursuant to Section

11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

3.      It is therefore agreed that Defendants were assessed to owe, and have already

paid, gross back wages and liquidated damages in the total amount of **$161,188.03**, for

violations of the overtime provisions of the Act by Defendants alleged to have occurred during

the period beginning May 2014 and ending January 2017, ("relevant period").  This amount

shall represent the full extent of back wages and liquidated damages owed by Defendants for

the relevant investigative period to the employees set forth and identified on the attached

Schedule A. It is further agreed that the overtime compensation and liquidated damage

payments by the Defendants in the amounts as specified above are in the nature of back wages and liquidated damages pursuant to the provisions of the Act.

      i.     The Secretary, through the Wage and Hour Division, shall distribute Defendants' Back Pay Amount (less any applicable federal taxes, withholdings, and deductions) and liquidated damages payments to the employees and former employees, or to their estates, as set forth in Schedule A.   Any sums not distributed to the employees or former employees on Schedule A, or to their estates, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Treasurer of the United States pursuant to 28 U.S.C. § 2041 and § 2042.

      ii.    To the best of their ability and based upon information it currently has in its possession, Defendants shall provide to Plaintiff the social security number and last known address of each employee or former employee due money under this Consent Judgment.

      iii.  The provisions of this Consent Judgment shall not in any way affect any legal right of any individual not named in Exhibit A, nor shall the provisions in any way affect any legal right of any individual named in Exhibit A to file any action against Defendants for any violations alleged to have occurred outside the relevant investigative period.

      4.     Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Judgment.  Any such amount shall be immediately paid to the Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies.  Plaintiff's representatives at the United States Department of Labor, Wage and Hour Division, shall deliver the proceeds of any sums not distributed to the employees named therein because of inability to locate the proper person or because of such person's refusal to accept such sums to this Court to be received and accounted for within the provisions of Title 28, U.S.C. §§ 2041 and 2042.  Moreover, if

recovered wages have not been claimed by the employee or the employee's estate within three years of the entry of this Consent Judgment, the Secretary shall deposit such money with the Treasury in accordance with Section 16(c) of the Act.

5.    Further, the parties agree that the instant action is deemed to solely cover Defendants' business and operations for the relevant investigative period for all claims raised in the Complaint as a result of the Secretary's investigation.  The parties agree that the filing of this action and the provisions of this Judgment shall not, in any way, affect, determine, or prejudice any and all rights of any person specifically named on Schedule A or the Secretary for any period after October 13, 2017, or any persons, be they current or former employees, not specifically named on Schedule A, insofar as such rights are conferred and reserved to said employees by reason of Section 16(b) of the Act

6.    Defendants agree that they are employers within the meaning of Section 3(d) of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

7.    By entering into this Consent Judgment, Plaintiff does not waive his right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to Section 16(e) of the FLSA, with respect to any violations disclosed by such investigations.

It is FURTHER, ORDERED, ADJUDGED, AND DECREED that each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding including, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

Anthony J. Trenga
United States District Judge

UNITED STATES DISTRICT JUDGE

Dated: _Dec. 5,_ , 2017

For the Secretary:

Defendants have appeared by counsel and hereby consent to the entry of this Judgment.

Nicholas C. Geale
Acting Solicitor of Labor

For the Employers HADEED CARPET CLEANING, INC., d/b/a HADEED CARPET CLEANING, HADEED-MERCER CARPET CLEANING., INC., d/b/a HADEED-MERCER RUG CLEANING

Oscar L. Hampton III
Regional Solicitor

Samantha N. Thomas
Counsel for Wage and Hour

Joseph Hadeed
Individually, and as Owner of HADEED CARPET CLEANING, INC., d/b/a HADEED CARPET CLEANING, HADEED-MERCER CARPET CLEANING., INC., d/b/a HADEED-MERCER RUG CLEANING

**Ali Abed Beydoun**
Trial Attorney
VA Bar No. 78150

U.S. Department of Labor
Office of the Solicitor, Region III
201 12th Street South
Arlington, VA 22202-5450
Telephone No. (202) 693-9370
Facsimile No.  (202) 693-9392
Beydoun.ali@dol.gov

[Attorney]
Bean Kinney & Korman
2300 Wilson Blvd, 7th Floor
Arlington, Virginia 22201Attorneys for

U.S. DEPARTMENT OF LABOR

Defendants HADEED CARPET CLEANING, INC., d/b/a HADEED CARPET CLEANING, HADEED-MERCER CARPET CLEANING., INC., d/b/a HADEED-MERCER RUG CLEANING and Joseph Hadeed.

Attorneys for Plaintiff
U.S. Department of Labor

RECEIVED

2011 NOV 29 P 3:19

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA